IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LINCOLN STUART TAYLOR,

    Petitioner,

v.                                      Civil Action No. 5:10CV49
                                                          (STAMP)
DAVID R. JANES,
Judge of the Circuit Court of Marion County,
JOE CARPENTER,
Sheriff of Marion County,
and GEORGE TRENT,
Administrator, North Central Regional Jail,

    Respondents.

**MEMORANDUM OPINION AND ORDER
DECLINING TO AFFIRM AND ADOPT REPORT
AND RECOMMENDATION OF MAGISTRATE JUDGE;
GRANTING RESPONDENTS' MOTION FOR ABSTENTION;
DENYING AS MOOT RESPONDENTS' MOTION FOR SUMMARY JUDGMENT;
DENYING AS MOOT PETITIONER'S MOTION FOR SUMMARY JUDGMENT;
AND DENYING AS MOOT THE PETITIONER'S AMENDED PETITION**

I.  Background

On April 29, 2010, the petitioner, Lincoln Stuart Taylor ("Taylor"), through counsel, filed a petition for writ of habeas corpus.[1] The petitioner is charged with murder and his case is pending in the Circuit Court of Marion County, West Virginia. In his petition, the petitioner asserts that his rights under the Double Jeopardy Clause of the United States Constitution are being violated and that his liberty interests are being restrained. The grand jury issued two indictments. On October 2, 2007, Taylor and

---

[1]The petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which he subsequently filed a motion to amend. Magistrate Judge Kaull granted the petitioner's motion to amend his habeas petition as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

three others were charged with the murder of Derrick Osborne ("Osborne"). Taylor and the three others were also charged with conspiracy to murder. Taylor was re-indicted on June 6, 2008 for conspiracy to murder, with the single overt act being that Taylor shot and killed Osborne. Taylor's first trial began on September 15, 2008 and ended in a mistrial on September 21, 2008. The second trial ended on November 21, 2008 with an acquittal on the charge of conspiracy to commit murder. A hung jury resulted on the charge of murder and the court declared a mistrial as to that charge. On July 14, 2009, Taylor then filed a motion in limine to assert that the State could not retry him on both the theory that he shot and killed Osborne and on the alternate theory that Taylor acted as an accessory before the fact. Taylor contends that the acquittal on the conspiracy charge established either that there was no meeting of the minds between Taylor and any other defendant or that the overt act, that Taylor shot and killed Osborne, had not occurred. The Circuit Court denied this motion in limine. The petitioner then filed a petition for a writ of prohibition and a writ of mandamus with the West Virginia Supreme Court of Appeals, which the Court denied by written opinion on April 5, 2010. Taylor now seeks relief against prosecution by the State in this Court. He asks that this Court grant a petition for a writ of habeas corpus prohibiting his murder trial from proceeding on both the theory that the petitioner was the shooter and/or was an accessory before the fact to a murder committed by another. The respondents

answered the petition, denying Taylor was deprived of any constitutional rights.

The petition was referred to United States Magistrate Judge John S. Kaull for preliminary review pursuant to Local Rule of Prisoner Litigation Procedure 83.09. The respondents filed a motion for abstention or summary judgment. They contend that this Court should abstain from ruling on the merits in accordance with <u>Younger v. Harris</u>. They also argue that the petitioner has failed to state a claim upon which relief can be granted and that he has failed to demonstrate that he is entitled to relief on his claim. The petitioner also filed a motion for summary judgment, arguing that the State wants to retry him for murder using the same evidence that led a jury to acquit him of conspiracy to commit murder.

Following review of the motion, Magistrate Judge Kaull issued a report and recommendation on June 18, 2010. He agreed with the petitioner that irreparable harm would occur by allowing the State to retry him without limitation. He stated that the petitioner would lose one of the valuable rights protected by the Double Jeopardy Clause were the Court to permit West Virginia to retry him on the re-litigation of facts that have already been decided. Magistrate Judge Kaull stated that the petitioner has established unusual circumstances warranting equitable intervention in his pending state criminal proceedings. Magistrate Judge Kaull stated that it is apparent from the pleadings and arguments that the state

seeks to retry the conspiracy charge during retrial of the mistried murder charge.  Magistrate Judge Kaull looked at the elements of the crimes and found that each contains an element not contained in the other.  Thus, the petitioner's retrial for murder does not violate the same elements test of the Double Jeopardy Clause. Magistrate Judge Kaull stated that he could not determine from the record which key issues were necessarily decided by the jury's general verdict of acquittal.  The magistrate judge then found that because it is not possible to conclude that the jury necessarily decided either of the two key issues, the petitioner cannot meet his burden of establishing a double jeopardy violation which would preclude admission of the evidence that is relevant and goes to proof of the required elements of first degree murder.  He also found that it is axiomatic that any subsequent trial cannot attempt to reprove that Taylor participated in a conspiracy to murder Osborne.

Magistrate Judge Kaull found that the petitioner alleged an irreparable double jeopardy injury warranting equitable intervention in his pending state criminal proceedings. Magistrate Judge Kaull stated that the verdict of acquittal on the conspiracy charge must have some effect.  The magistrate judge stated that the State may offer evidence to prove the required elements of first degree murder, but it may not retry the conspiracy case. Magistrate Judge Kaull looked to <u>United States v. Nelson</u>, 599 F.2d 714, 716-17 (5th Cir. 1979), and found that the State cannot

present evidence which, if believed, would necessarily indicate participation in the conspiracy which the State failed to prove in the formal trial. He found that under the collateral estoppel component of the Double Jeopardy Clause the State is precluded from asserting or arguing in instructions, making conclusory statements of proof and legal conclusions that Taylor was involved in a conspiracy to murder Osborne. The magistrate judge did state, however, that the State can present evidence that may prove the required elements of first degree murder as charged in the indictment. Magistrate Judge Kaull stated that specific evidence that the State chooses to present is not a question for this Court and that issues as to the relevancy of evidence, and its admissibility under West Virginia's Rules of Evidence is for the trial judge to determine.

The respondents filed objections on June 25, 2010. In their objections, they reiterate that the petitioner asks this Court to essentially reverse the state trial court's refusal to grant his motion in limine, in which he requested that the State should not be permitted to introduce evidence that the petitioner shot Osborne. The respondents state that the recommendation is an advisory opinion that anticipates a controversy that may or may not arise. Further, the respondents state that the report and recommendation should not be adopted because it is not the role of a federal court to second guess a state court's provisional pretrial evidentiary ruling. The respondents believe that

Magistrate Judge Kaull ruled on the wrong question. They contend that the trial court was not requested to make a ruling as to whether evidence could be introduced which, if believed, would necessarily establish that the petitioner was part of a conspiracy to kill Osborne, but that is the question they believe Magistrate Judge Kaull ruled upon in his recommendation.

The petitioner filed a statement in support of adoption of the report and recommendation, stating that Magistrate Judge Kaull correctly struck the balance and determined that abstention is not warranted.

For the reasons set forth below, this Court finds that it must decline to adopt and affirm the report and recommendation of the magistrate judge, but rather, grant the respondents' motion for abstention. Further, this Court denies as moot the respondents' motion for summary judgment, the petitioner's motion for summary judgment, and the petitioner's amended petition.

II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the respondents have filed objections, this Court will undertake a de novo review as to those

portions of the report and recommendation to which objections were made.

### III. Discussion

The Supreme Court of the United States articulated the "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances" in Younger v. Harris, 401 U.S. 37, 41 (1971). This policy, based on equity and comity, is commonly referred to as Younger abstention. Nivens v. Gilchrist, 444. F.3d 237, 241 (4th Cir. 2006). A basic doctrine of equity jurisprudence is "that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." Younger, 401 U.S. at 43-44. The Fourth Circuit has recognized that a defendant in a typical state trial has an adequate remedy at law by his ability to raise his constitutional claims as a defense. Nivens, 444 F.3d at 241. The notion of comity, or federalism, is "an even more vital consideration" than that of equity. Younger, 401 U.S. at 44. The Younger court believed that "the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." Id. Though the National Government may be "anxious" to "vindicate and protect federal rights and federal interest," it must always endeavor to do so "in

7

ways that will not unduly interfere with the legitimate activities of the States." Id.

Accordingly, this Court must refrain from exercising jurisdiction and interfering with a state criminal proceeding except in "the most narrow and extraordinary of circumstances." Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). A court must abstain "if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." Nivens, 444 F.3d at 241 (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). The Supreme Court has recognized that a federal court may disregard Younger where: "(1) there is a showing of bad faith or harassment by state officials responsible for prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." Id. (citing Kugler v. Helfant, 421 U.S. 117, 124 (1975)) (internal quotations omitted). A defendant who must suffer the "cost, anxiety, and inconvenience" of defending a single criminal prosecution alone does not face an "irreparable injury." Gilliam, 75 F.3d at 904.

This Court finds that it must abstain under Younger and therefore declines to adopt and affirm the report and

recommendation of Magistrate Judge Kaull. The Fourth Circuit has found that "when the record demonstrates that a second state criminal trial will constitute a violation of the defendant's double jeopardy rights, federal court intervention is appropriate." Id. at 905. This Court agrees with the West Virginia Supreme Court of Appeals that the State is not putting the petitioner to trial for the same offense twice. This Court finds it important to note that the petitioner does not seek to prohibit a retrial on the murder charge. Instead, the petitioner seeks to prohibit the trial from proceeding on two theories: either that the petitioner was the shooter and/or was an accessory before the fact to a murder committed by another. Therefore, the petitioner asks this Court to limit the evidence the State may introduce at his state court trial.

This Court finds that because the petitioner is not invoking the double jeopardy right against multiple trials for the same offense, his rights may be protected after the trial. Magistrate Judge Kaull stated that irreparable harm would occur by allowing the State to retry the petitioner without limitation because the State is prevented under the Double Jeopardy Clause from re-litigating issues of ultimate fact that the jury necessarily determined when it rendered its judgment of acquittal on the conspiracy charge. This Court believes that this is not an extraordinary reason to interfere in the state court proceeding. Prosecutors constantly must prosecute within constitutional

9

constraints when introducing evidence at trial. This Court believes that _if_ an evidentiary error is made at trial the state courts will have the opportunity and right to correct the error either upon a post-trial motion, by an appeal, or in a post-conviction proceeding. This Court should not interfere with an ongoing state court proceeding in which the petitioner must stand trial before any possible error can occur and be corrected. The present situation does not present the type of "irreparable harm" required to disregard the mandate of _Younger_. Accordingly, this Court must grant the respondents' motion for abstention and deny as moot the respondents' motion for summary judgment, the petitioner's motion for summary judgment, and the petitioner's petition.

### IV. Conclusion

For the reasons set forth above, this Court, after a _de novo_ review, DECLINES to adopt and affirm the ruling of the magistrate judge. Accordingly, the respondents' motion for abstention is GRANTED. The respondents' motion for summary judgment and the petitioner's motion for summary judgment are DENIED AS MOOT. The petitioner's amended petition is DENIED AS MOOT and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal

Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:   July 8, 2010

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE